UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| ARTHUR DUBOIS, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil No. 05-123-B-W |
| | ) | |
| MARC QUIRION, | ) | |
| | ) | |
| Defendant | ) | |

**RECOMMENDED DECISION**

Plaintiff Arthur Dubois was given until September 9, 2005, to file a properly certified copy of his prison ledger statement in order to complete his application to proceed in forma pauperis in the above entitled case. He has failed to make the required filing and therefore this case could be dismissed for failure to comply with 28 U.S.C. § 1915(a)(2) as ordered by the court. However, even if Dubois had complied with my prior order, his complaint would still be subject to dismissal.

On June 28, 2005, this court dismissed with prejudice an earlier lawsuit filed by Dubois against a number of defendants, including Marc Quirion. See Dubois v. Cumberland County Sheriff's Dept., CV-05-19-PC. As Dubois acknowledges in his letter to the court, this complaint filed on August 11, 2005, is an attempt to submit a "new" claim based upon the same facts that gave rise to the earlier lawsuit. Rule 41 (a)(2) of the Federal Rules of Civil Procedure provides if the court specifies a dismissal is made upon terms and conditions set by the court, those terms govern. In the earlier case Dubois attempted to dismiss his complaint after at least one of the defendants had filed a substantive motion to dismiss. The court granted Dubois's motion to dismiss, but

provided that the dismissal was with prejudice, thus operating as an adjudication on the merits.  Dubois's attempts to reopen the case (Docket No. 39) and for reconsideration of the order of dismissal (Docket No. 41) were rebuffed by the court.  He cannot avoid those rulings by attempting to bring a new lawsuit.

Based upon the foregoing I recommend that the court **DISMISS** the current complaint because:  (1) the plaintiff has failed to diligently prosecute the matter by filing a completed application to proceed in forma pauperis; and (2) even if the plaintiff had completed his IFP application, the dismissal with prejudice of his prior lawsuit would bar this complaint.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof.  A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

Dated September 12, 2005